**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------

In re:

Cincinnati Terrace Associates, LLC,

Debtor.

)
)
)
)
)
)
)
)

Case No. 21-41548

Chapter 11

---------------------------------------------------------------------------------

### NOTICE OF MOTION OF CINCINNATI DEVELOPMENT III, LLC FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that, upon the attached motion, Cincinnati Development III, LLC ("Creditor"), by and through its counsel, Graydon Head & Ritchey LLP, will move this Court, on Friday, September 17, 2021 at 10:30 a.m., for an Order granting Creditor relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code. Creditor will also seek such other and further relief as the Court deems just and equitable.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the motion and the relief requested therein must be set forth in a writing describing the basis therefore and filed with the Bankruptcy Court on its electronic filing system, with a copy so as to be received by Judge Stong's chambers and by undersigned counsel not later than seven (7) days prior to the hearing date. Unless answering papers are received by that time, the motion may be deemed unopposed and granted without a hearing.

Dated: Cincinnati, Ohio                    Respectfully submitted,
       September 2, 2021


*/s/ J. Michael Debbeler*
J. Michael Debbeler (*pro hac vice*)
Graydon Head & Ritchey LLP
312 Walnut Street, Suite 1800
Cincinnati, OH45202
Phone:         (513) 621-6464
Email:         mdebbeler@graydon.law

*Attorneys for Cincinnati Development III, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 21-41548 |
| | ) |
| Cincinnati Terrace Associates, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION OF CINCINNATI DEVELOPMENT III, LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Cincinnati Development III, LLC ("Movant") hereby moves this Court for an Order

pursuant to § 362(d)(1) of the Bankruptcy Code and that the Court grant it such other and further

relief as the Court deems just and equitable.

**PRELIMINARY STATEMENT**

1. Movant and Cincinnati Terrace Plaza, LLC ("CTP") were parties to a

Membership Interest Purchase Agreement dated as of June 1, 2018 (the "Purchase Agreement")

for the purchase by Movant from CTP of 15 West Sixth Street, Cincinnati, Ohio 45202 (the

"Property").

2. The Purchase Agreement included a provision granting Movant a right of first

refusal concerning the sale of the Property to a third party (the "ROFR").

3. Notwithstanding the Purchase Agreement and the ROFR, on August 1, 2018, CTP

sold the Property to the Debtor. The Property is, in essence, the sole asset in the bankruptcy

estate.

4. As a result of the sale of the Property from CTP to the Debtor, Movant filed suit

against CTP and the Debtor in the Court of Common Pleas for Hamilton County, Ohio (the

"Litigation").

5. Following the removal to U.S District Court, Southern District of Ohio, Western

Division at Cincinnati (the "District Court") a bench trial was held in District Court in April of 2021. The District Court issued an Opinion and Partial Order on June 7, 2021 (the "Opinion"). A copy of the Opinion is attached hereto as **Exhibit 1**.

6.       Among other determinations, the District Court awarded judgment to Movant against CTP for breach of contract and breach of the implied duty of good faith and fair dealing. The Opinion explicitly reserved the determination of damages on these claims for a future order. The Opinion is not a final order.

7.       Upon the filing of this bankruptcy, counsel for the Debtor filed a Notice of Bankruptcy in the Litigation (the "Notice"). A copy of the Notice is attached hereto as **Exhibit 2.**

8.       To date, notwithstanding that the automatic stay does not apply to CTP, no proceedings have taken place with respect to the determination of damages due to Movant from CTP. Out of an abundance of caution, Movant seeks relief from the automatic stay to allow the District Court to proceed with the determination of damages owed by CTP to Movant as outlined in the Opinion.

9.       To be clear, Movant's claims as asserted in the Litigation as to the Debtor (title to the Property, tortious interference, and certain attorneys' fees and costs, the "Claims") remain for further determination in District Court or on appeal.  Movant is not seeking relief from the automatic stay as to the Claims against the Debtor at this time.  Except for the attorneys' fees and costs portion of the Claims, the Claims were denied by the District Court in the Opinion. Movant reserves the right to seek relief from the stay in the future as to the Claims against the Debtor.

## ARGUMENT

### *Movant should be granted relief from the automatic stay.*

1.       Movant respectfully requests relief from the automatic stay to permit it to proceed

with the determination of damages as to CTP as outlined in the Opinion.

2.      Pursuant to Section 362(d)(1) of the Bankruptcy Code "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

3.      It is axiomatic that the automatic stay is not applicable to non-bankrupt co-defendants. *See Teachers Inc. & Annuity Ass'n of Am. v. Butler*, 803 F2d. 61, 65 (2d Cir. 1986). Further, neither the Debtor nor CTP have otherwise requested relief from the Court to extend the protections of the automatic stay to CTP. Finally, CTP is an unaffiliated party from the Debtor and Movant's recovery of damages from CTP will not implicate the Debtor or the bankruptcy estate.

4.      Given the Notice filed by the Debtor and the inapplicability of the automatic stay as to CTP, Movant seeks an explicit order from the Court granting it relief from the automatic stay to proceed as to the damages process outlined in the Opinion as to CTP.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that it be granted relief from the automatic to pursue its damage claim against CTP.

Dated: Cincinnati, Ohio                 Respectfully submitted,
       September 2, 2021

                                   */s/ J. Michael Debbeler*
                                   J. Michael Debbeler (*pro hac vice*)
                                   Graydon Head & Ritchey LLP
                                   312 Walnut Street, Suite 1800
                                   Cincinnati, OH45202
                                   Phone:      (513) 621-6464
                                   Email:       mdebbeler@graydon.law

                                   *Attorneys for Cincinnati Development III, LLC*