**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------

In re:

Cincinnati Terrace Associates, LLC,

                    Debtor.

---------------------------------------------------------

) Case No. 21-41548
)
) Chapter 11
)
)
)
)

**REPLY IN SUPPORT OF AMENDED MOTION OF TBG FUNDING LLC TO DISMISS DEBTOR'S CHAPTER 11 CASE AS A BAD FAITH FILING, OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; AND RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTOR'S HOTEL PROPERTY**

      TBG Funding LLC ("Lender"), by and through the undersigned counsel, hereby files its consolidated (I) Reply in Support of *Amended Motion of TBG Funding LLC to Dismiss Debtor's Chapter 11 Case as a Bad Faith Filing, or, Alternatively, for Relief from the Automatic Stay* (the "Amended Motion")[1] [Doc. 91]; and (II) Response to *Debtor's Motion for Entry of an Order Approving Bidding Procedures Relating to the Sale of the Debtor's Hotel Property* (the "Bid Procedures Motion") [Doc. 92]. In support of this consolidated Reply in Support of the Amended Motion and Response to the Bid Procedures Motion, Lender respectfully states as follows:

      1.     Neither the Bid Procedures Motion nor anything set forth in the *Debtor's Opposition to Amended Motion of TBG Funding LLC to Dismiss the Debtor's Chapter 11 Case, or Alternatively for Relief from the Automatic Stay* (the "Objection") [Doc. 100], rebuts the cause for dismissal and/or relief from stay established in the Amended Motion.

      2.     While the Bid Procedures Motion seeks to establish consensual procedures for the marketing and sale of the Property, curiously, the Debtor has *still* failed to even *circulate* a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Amended Motion.

proposed order granting its *Application to Employ Rosewood Realty Group LLC* (the "Broker Application") [Doc. 52] as the Debtor's real estate agent and special consultant (the "Broker"), despite the Court's directive at the last hearing to circulate such an order by Wednesday, January 26, 2022.

3.  The Debtor also failed to file a corresponding motion or request for relief approving the sale of the Property to the Successful Bidder (as defined in the Bid Procedures Motion) identified at the conclusion of the bidding procedures established by the Bid Procedures Motion, thus, laying the framework for even more delay should the Debtor identify a Successful Bidder at the conclusion of the process.[2]

4.  Simply stated, in order to obtain additional time based upon its belief that the filing of the Bid Procedures Motion alone was the "flip side to dismissal", the Debtor has yet again done what it considers to be the bare minimum necessary to continue to abuse this Court's jurisdiction for the sole purpose of delaying Lender's foreclosure rights.

5.  Lender has established cause for dismissal of this case on several grounds, which the Debtor did not even bother to address in its Objection, including (a) the Debtor's unauthorized use of Lender's cash collateral, (b) Debtor's continued failure to abide by orders of this Court, including the order requiring an amended disclosure statement and this Court's directive relating to circulation of the Broker's retention order, and (c) Debtor's failure to remain current with post-petition real estate taxes relating to the Property.

---

[2] The Bid Procedures Motion states that "Debtor intends to move to confirm the results of the Auction by a post-Auction motion on notice to all creditors and parties [sic] interest, at which time the Debtor will be prepared to make an appropriate showing under 11 U.S.C. § 363(f)". Objection at ¶ 26. Thus, the Debtor does not propose to commence the 21-day notice period of Bankruptcy Rule 2002(a)(2) until after conclusion of the proposed auction.

6.  Lender further established cause for dismissal based upon Debtor's bad faith filing of this case and its continued bad faith by its utter failure to prosecute this case. As explained above, contrary to Debtor's bald assertion, Debtor's filing of the Bid Procedures Motion is simply inadequate to overcome the "cause" for dismissal.

7.  Tellingly, Debtor also ignored Lender's entitlement to relief from the automatic stay under Bankruptcy Code Section 362(d)(1) and (d)(3). Debtor's Objection states that the "best evidence of the value of the Hotel Property" was the offers for the Property submitted by Cincinnati Development III LLC ("CDIII") of $9.5 million and the Debtor's own bid of $11.0 million. Objection at ¶ 6. Debtor's reliance upon these figures ignores two crucial facts: (a) the Property has undeniably continued to deteriorate since 2018 when the foregoing bids were made; and (b) Lender's claim secured by the Property totaled $11,196,706.24 as of the Petition Date. By the Debtor's own acknowledgement of the "best evidence" for valuation, there is no equity in the Property and Lender is not adequately protected. Accordingly, Lender is entitled to relief from the automatic stay.

8.  Should this Court decline to dismiss this case or grant Lender relief from the automatic stay despite the demonstration of cause, Lender further responds that the Bidding Procedures (as defined in the Bid Procedures Motion) are deficient in several respects.

9.  First, the Bid Procedures must set forth established and agreed upon dates for the "Bid Deadline", "Auction", and hearing on the motion to approve the sale and Auction results (the "Sale Hearing") (as such terms are defined in the Bid Procedures) to avoid any further delay on the Debtor's part.

10. Second, the Bid Procedures must clarify the amount of "Lender's Secured Claim" entitled to credit bid. Specifically, although the Debtor acknowledges and confirms its agreement

in the opening language of the "Credit Bid" language to the Bid Procedures that, "that Lender has a valid, perfected, unavoidable, and enforceable judgment lien against the Real Property in the amount of the judgment entered in favor of Lender against the Debtor (Case Number A 1905289) plus post-judgment interest through the Petition Date ("Lender's Secured Claim"), the Debtor added language to Lender's proposed language that "Debtor likewise reserves all rights relating to the allowed amount of Lender's Secured Claim." The addition of this language is confusing for any potential third-party bidders, and is concerning to Lender given Debtor's claim to allegations of cooperation. The Bid Procedures must be modified to acknowledge that Lender's Secured Claim is an allowed claim in the amount of $11,196,706.24 as of the Petition Date, with such claim secured by the Property.[3]

11.    Third, given the apparent lack of any other party willing to serve as a stalking horse bidder, the Bid Procedures must either establish Lender as the Stalking Horse Bidder, or set forth a floor for bids at the $11,196,706.24 of Lender's Secured Claim. Further, to the extent the Debtor does not receive any qualified bids equal to or in excess of Lender's Secured Claim, the Bid Procedures must set forth that Lender will be deemed the Successful Bidder with a credit bid in the amount of the Lender's Secured Claim, with the sale to Lender to be confirmed at the Sale Hearing to be held within seven days following the date established for the Auction.

12.    Finally, Lender concurs with CDIII in the *Memorandum of Cincinnati Development III, LLC in Response to Debtor's Motion for Entry of an Order Approving Bidding Procedures Relating to the Sale of Debtor's Hotel Property* (CDIII's Response") [Doc. 98], that the Bid

---

[3] Further, although Lender disputes Debtor's overly optimistic views as to the potentially value of the Property, to the extent that the Debtor does receive bids in excess of the $11,196,706.24 owed to Lender as of the Petition Date, Lender reserves all rights to entitlement of post-petition interest, attorneys' fees and "any [other] reasonable fees, costs or charges provided for under the agreement" between the Debtor and the Lender under Bankruptcy Code Section 506(b), including Lender's right to credit bid such amounts at any Auction.

Procedures must include language acknowledging Lender's rights to sell its debt and/or assign its bid before, during, or after the proposed Auction. In particular, should Lender be designated as the Successful Bidder (as defined in the Bid Procedures), Lender would seek to assign its bid rights to a real estate entity formed for the purpose of holding the asset, rather than acquiring title in Lender's name.

13. Lender defers to the Court's interpretation and application of Bankruptcy Code Section 363(n) as to the remaining arguments set forth in CDIII's Response; however, Lender confirms that it has no agreement with any third-party relating to bids for the Property.

## RESERVATION OF RIGHTS

14. Lender expressly reserves all rights to object to any motion seeking to sell the Property, including on the grounds that the Debtor is unable to satisfy the requirements of Bankruptcy Code Section 363(b) and (f), to the extent the Debtor seeks to surcharge any costs of sale against Lender's collateral, and on any other basis.

## CONCLUSION

15. For the forgoing reasons and those set forth in the Amended Motion, Lender respectfully requests that this Court grant the Amended Motion and dismiss the Debtor's Chapter 11 case, or alternatively, grant Lender relief from the automatic stay, and grant such other and further relief in favor of Lender as is just and equitable. Lender further respectfully requests that, to the extent this Court grants the Bid Procedures Motion, the Bid Procedures be modified as requested herein.

Dated: Cincinnati, Ohio  
       February 7, 2022

Respectfully submitted,

Vorys, Sater, Seymour and Pease LLP

By: */s/ Kent A. Britt*  
Kent A. Britt (*pro hac vice*)

        Vorys, Sater, Seymour and Pease LLP
        Great American Tower
        301 East Fourth Street, Suite 3500
        Cincinnati, OH 45202
        Phone: (513) 723-4488
        E-mail: kabritt@vorys.com

        Kari B. Coniglio (*pro hac vice*)
        Vorys, Sater, Seymour and Pease LLP
        200 Public Square, Suite 1400
        Cleveland, OH 44144
        Phone: (216) 479-6167
        E-mail: kbconiglio@vorys.com

        *Attorneys for TBG Funding LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | |
|---|---|
| In re: | ) Case No. 21-41548 |
| | ) |
| | ) Chapter 11 |
| Cincinnati Terrace Associates, LLC, | ) |
| | ) |
| Debtor. | ) |
| | ) |

-----------------------------------------------------------

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 7, 2022 a true and correct copy of the foregoing **REPLY IN SUPPORT OF AMENDED MOTION OF TBG FUNDING LLC TO DISMISS DEBTOR'S CHAPTER 11 CASE AS A BAD FAITH FILING, OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; AND RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTOR'S HOTEL PROPERTY** was filed and served electronically through the Court's CM/ECF System on all counsel of record.

/s/ *Kent A. Britt*
Kent A. Britt