**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------

In re:

Cincinnati Terrace Associates, LLC,

                Debtor.

---------------------------------------------------------

) Case No. 21-41548
)
) Chapter 11
)
)
)
)

# FINAL ORDER GRANTING MOTION TO APPROVE
# LIMITED POST-PETITION FINANCING

This matter is before the Court upon the *Motion to Approve Limited Post-Petition Financing* (the "Motion") [Doc. 145] filed by Cincinnati Terrace Associates, LLC (the "Debtor") pursuant to Sections 105, 363, 364(B), 364(E), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local rules of this Court (the "Local Rules"). The Court, having considered the Motion and the proposed order submitted therewith, and having determined that due and proper notice of the Motion was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, finds sufficient cause for granting the relief in the Motion as set forth herein. Therefore,

      **IT IS FOUND, DETERMINED, AND ORDERED**, that:

      1.     The Motion is hereby GRANTED on a final basis in accordance with the terms of this Final Order. Any objections to the Motion with respect to the entry of this Final Order that have not been withdrawn, waived, or settled, and all reservation of rights included therein, are hereby denied and overruled.

      2.     <u>Jurisdiction and Venue</u>. This Court has core jurisdiction over the above-captioned Chapter 11 case (The "Case"), the Motion, and the parties and property affected hereby pursuant

to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    3.    <u>Findings Regarding the Limited Post-Petition Advance of Credit</u>.

        a.    Good cause has been shown for the entry of this Final Order.

        b.    The Debtor has a need to obtain the post-petition advances set forth herein from TBG Funding LLC (the "<u>DIP Lender</u>") on a final basis, in order to, among other things, (i) permit the orderly preservation of the estate; (ii) finance post-petition insurance obligations; and (iii) advance marketing costs to Debtor's Proposed Broker (defined herein) for the marketing and sale of the Debtor's hotel property located at 15 West Sixth Street, Cincinnati, Ohio (the "<u>Hotel Property</u>").

        c.    The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the terms and conditions set forth in this Final Order.

        d.    The terms of the DIP Loans (defined herein), as set forth in this Final Order, are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and constitute reasonably equivalent value and fair consideration.

        e.    The DIP Loans have been negotiated in good faith and at arm's length among the Debtor and the DIP Lender in accordance with and in express reliance upon the protections offered by Bankruptcy Code section 364(e).

        f.    The Debtor has requested entry of this Final Order pursuant to Bankruptcy Rule 4001(c)(2) and the Local Rules. Absent granting the relief sought by this Final Order, the Debtor's estate will be immediately and irreparably harmed. Consummation of the DIP Loans in

accordance with this Final Order is, therefore, in the best interests of the Debtor's estate and are consistent with the Debtor's fiduciary duties.

4. Authorization of the DIP Loans.

a. The Debtor is hereby expressly authorized and empowered to obtain the DIP Loans from the DIP Lender subject to the terms and conditions of this Order and to execute any documents as may be required in the DIP Lender's reasonable discretion to memorialize the terms contained herein.

b. Proceeds of the DIP Loans shall be funded by the DIP Lender to the payees, in the amounts, and on the dates reflected herein (each a "DIP Loan" and together, the "DIP Loans"):

 i. $65,480.00 to be paid by DIP Lender to US Premium Finance or Stellar Insurance Brokerage Inc. (the "Insurance Broker") on Debtor's behalf on or before May 27, 2022;

 ii. $16,402.80 to be paid by DIP Lender to Insurance Broker on Debtor's behalf on or before June 27, 2022;

 iii. $16,402.80 to be paid by DIP Lender to Insurance Broker on Debtor's behalf on or before July 27, 2022; and

 iv. $31,000 shall be paid by DIP Lender to AWS Commercial LLC dba Colliers or Rosewood Realty Group (together, the "Proposed Broker") within three (3) business days following entry of an order from this Court authorizing the Debtor's retention of the Proposed Broker.

c. In no event shall the DIP Loans be funded directly to the Debtor or used for any purposes other than as specifically set forth herein.

d. Upon entry of this Final Order and the advance of each of the DIP Loans as set forth above, the DIP Loans advanced shall constitute valid, binding and non-avoidable obligations of the Debtor for repayment of the DIP Loans enforceable against the Debtor in accordance with the terms and conditions of this Final Order for all purposes during the Case,

any subsequently converted Case of the Debtor to a case under chapter 7 of the Bankruptcy Code, and/or after the dismissal of the Case.

5.     Administrative Expense.  Subject only to the Carve Out (defined herein), the DIP Lender shall be granted an allowed super-priority administrative expense claim (the "Super Priority Claim"), pursuant to Sections 364(b) and 503(b) of the Bankruptcy Code, for all amounts advanced by the DIP Lender for the benefit of the Debtor in accordance with this Final Order, with such priority over all administrative expenses or other claims of or against the Debtor (other than any fees arising under 28 U.S.C. § 1930).  The Super Priority Claim shall be payable from and have recourse to all pre-petition and post-petition property of the Debtor and all proceeds thereof.

6.     DIP Liens.  Subject only to the Carve Out, as security for the Debtor's repayment of the DIP Loans, immediately effective and perfected upon the entry of this Final Order and without the necessity of the execution, recordation of filings of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, pursuant to Bankruptcy Code section 364(c)(2) and (d)(1), the DIP Lender is hereby granted a valid, binding, continuing, enforceable, fully-perfected first priority senior priming security interests in and liens (the "DIP Liens") upon any and all property as set forth below (collectively, the "DIP Collateral") (subject only to any fees arising under 28 U.S.C. § 1930):

    a.     all real and personal property subject to the first-priority mortgage dated August 1, 2018, and the assignment of rents dated August 1, 2018 (, executed by the Debtor in favor of TBG Funding, LLC and as known as Document Numbers 2018-0072569 ("Mortgage") and 2018-0072570 ("Assignment of Rents"), respectively and as filed with the Hamilton County Recorder's Office on August 17, 2018;

4

      b.     all cash and cash collateral of the Debtor;

      c.     to the extent not included above, all inventory, accounts receivable, other rights to payment (including, but not limited to, all rights to insurance refunds) whether arising before or after the Petition Date[1], chattel paper, contracts, general intangibles, documents, instruments, interests in leaseholds, patents, copyrights, trademarks, trade names, other intellectual property, and the proceeds and products of all the foregoing.

    7.    <u>No Lien on Avoidance Actions</u>.  For the avoidance of all doubt, the DIP Lender shall not be granted a lien on any causes of action under Section 544, 545, 547, 548, or 550 of the Bankruptcy Code or any proceeds thereof.

    8.    "<u>Carve Out</u>" shall mean: (i) quarterly fees, and interest thereon, of the United States Trustee and other fees due to the United States Bankruptcy Court pursuant to 28 U.S.C. § 1930 and any applicable interest, and any fees due to the Clerk of the Court; and (ii) any cost and fees of a Chapter 7 Trustee, should one be appointed, however, not to exceed the amount of $10,000.00.

    9.    <u>Repayment</u>.  Unless otherwise agreed by the DIP Lender in writing, the Debtor shall pay all outstanding obligations under the DIP Loans on the earlier to occur of (a) the closing of a Sale as defined in the Terms and Condition of Sale incorporated into the *Order Approving Consensual Bidding Procedures and Sale of the Debtor's Hotel Property* (the "<u>Bid Procedures Order</u>"), as modified by the *Stipulation and Agreed Order Modifying the Order Approving Consensual Bidding Procedures and Sale of the Debtor's Hotel Property and Certain Related Bid Deadlines* [Doc. 133] and the *Second Stipulation and Agreed Order Modifying the Order Approving Consensual Bidding Procedures and Sale of the Debtor's Hotel Property and*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

*Certain Related Deadlines* [Doc. 152]; and (b) September 1, 2022 (the "Maturity Date"). At all times after entry of this Order, the outstanding principal balance of the DIP Loans shall bear interest at a rate of 12% per annum; provided, that, upon the occurrence and during the continuance of a Termination Event, without notice to Debtor, the DIP Loans shall thereafter automatically bear interest at the rate of 24% per annum.

10. Termination Event. The Debtor's authorization to use the proceeds of the DIP Loans or to receive further DIP Loans pursuant to this Final Order shall automatically terminate, and the DIP Loans shall become due and payable, without further notice or action by the Court following the earliest to occur of any of the following (each a "Termination Event"): (a) the closing of a Sale as defined in the Bid Procedures Order; (b) the Debtor's failure to comply with any provision of this Final Order or the provisions of the Bid Procedures Order; (c) the occurrence of the Maturity Date; (d) the Court enters an order appointing, or the Debtor files a motion seeking appointment of, a Chapter 11 trustee or examiner with expanded powers in the Chapter 11 case; (e) the Court enters an order dismissing the Case or converting the Case to a case under chapter 7 of the Bankruptcy Code; or (f) the Debtor purports to grant, or files a motions seeking to grant, a third-party a security interest or lien (other than the DIP Liens) upon all or any part of the DIP Collateral that has a priority that is senior to, or equal with, any of the DIP Liens in all or any portion of such property.

11. Remedies.  Upon the occurrence of a Termination Event, without further order of or application to the Bankruptcy Court, the DIP Lender may take any or all of the following actions at the same or at different times: (x) by notice to the Debtor declare the DIP Loans together with all interest, fees, and expenses accrued thereon  to be due and payable in full without presentment, demand, protest or other notice of any kind, all of which are hereby

expressly waived by the Debtor; (y) refuse to lend any further amounts of the DIP Loans to the Debtor; and (z) upon written notice to the Debtor exercise such remedies as may be available under applicable law.

12.     <u>Binding Effect; Successors and Assigns</u>. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in this Case, including without limitation, the DIP Lender, any official committee of unsecured creditors that may be appointed in this Case, and the Debtor and its successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to Bankruptcy Code section 1104, or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor) and shall inure to the benefit of the DIP Lender.

13. <u>Effectiveness</u>. This Final Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(c)(2), 6004(h), or any other Bankruptcy Rule, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.

Stipulated and Agreed to by,

*/s/*
Kevin J. Nash
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700 (Telephone)
knash@gwfglaw.com

*Attorney for the Debtor*


By: *s/*
Kent A. Britt (*pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
Great American Tower
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Phone: (513) 723-4488
E-mail: kabritt@vorys.com

*Attorney for TBG Funding LLC*

***IT IS SO ORDERED.***



Dated: Brooklyn, New York
July 18, 2022

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

8